**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONARD CONCEPCION, | No. 13-70998 |
| Petitioner, | TSA No. 37649 |
| v. | |
| TRANSPORTATION SECURITY ADMINISTRATION, | ORDER[*] |
| Respondent. | |

On Petition for Review of an Order of the
Transportation Security Administration

Argued and Submitted February 12, 2015
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and MOLLOY,[**] Senior
District Judge.

Leonard Concepcion petitions for review of the Transportation Security

Administration's ("TSA") final order disqualifying him from serving as a

flightcrew member pursuant to 49 U.S.C. § 44936(b)(1)(B)(xiv)(V) and 49 C.F.R.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Donald W. Molloy, Senior United States District
Judge for the District of Montana, sitting by designation.

§ 1544.229(d)(26)(v), (28). We have jurisdiction pursuant to 49 U.S.C. § 46110(a), and we grant the petition and remand to the TSA for further proceedings.

The TSA disqualified Petitioner after concluding that his conviction for "[c]onspiracy to Launder Money is a crime of dishonesty, fraud, or misrepresentation under [49 C.F.R. § 1544.229(d)(26)(v), (28)]." The final order fails to clarify whether the TSA applied the categorical approach in determining whether Petitioner's conviction qualified as a crime involving dishonesty, or whether the TSA instead relied on facts underlying Petitioner's conviction. Either way, the petition must be granted.

In *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1690 (2013), the Supreme Court explained that, when "the relevant . . . provision[] ask[s] what the [petitioner] was 'convicted of,' not what he did, . . . the inquiry in [agency] proceedings is limited accordingly." In other words, when Congress attaches consequences to the fact that an individual was "convicted of" a certain type of offense—here, a crime involving dishonesty—agencies are to "look not to the facts of the particular prior case, but instead to whether the . . . statute defining the crime of conviction categorically fits within the 'generic' . . . definition of a [crime involving dishonesty]." *Id.* at 1684 (internal quotation marks omitted). Like the statute in

2

*Moncrieffe*, 49 U.S.C. § 44936(b)(1)(B)(xiv)(V) attaches consequences to the fact that an "individual was *convicted* (or found not guilty by reason of insanity) *of* . . . a felony involving . . . dishonesty." (Emphasis added.) Accordingly, to the extent that the TSA considered the underlying facts of Petitioner's conviction rather than determining whether the particular offense underlying the conspiracy conviction categorically involves dishonesty under § 44936(b)(1)(B)(xiv)(V), the TSA applied the wrong legal framework and the petition must be granted. *See Moncrieffe*, 133 S. Ct. at 1684, 1690. On remand, the TSA may not consider the facts underlying Petitioner's conviction for purposes of determining whether Petitioner is disqualified under § 44936(b)(1)(B)(xiv)(V).

In its brief, the TSA argues that it may inquire into the circumstances underlying Petitioner's conviction pursuant to 49 U.S.C. § 44936(b)(2), which authorizes the Under Secretary of the TSA to "specify other factors that are sufficient to prohibit the employment of an individual [as a flight crew member]." But because the agency did not cite that provision in its decision, we express no opinion on that question.

Even assuming that the TSA applied the categorical approach, the petition must be granted because it is not clear that the TSA considered the correct statute of conviction. Petitioner was convicted of conspiring to launder money under 18

3

U.S.C. § 1956(h) in violation of 18 U.S.C. § 1957(a). The TSA cited § 1956(h) and concluded without explanation that conspiracy to commit money laundering involves dishonesty. But the TSA never cited 18 U.S.C. § 1957(a) in its preliminary disqualification letter, final order, or even in its internal communications. Thus, it is unclear from the record whether the TSA was aware that Petitioner was convicted under a money laundering statute that does *not* require intent to conceal. *Compare* 18 U.S.C. § 1956(a)(1)(B)(i) (requiring "know[ledge] that the transaction is designed . . . to conceal or disguise the . . . proceeds of specified unlawful activity") *with* § 1957(a) (requiring knowledge that the transaction involves the proceeds of unlawful activity but not that the transaction is designed to conceal the illegal source of those proceeds).

Thus, the TSA's final order is ambiguous for two reasons. It is *unclear* because it does not specify whether the agency applied a categorical or circumstances-specific approach, and it is *incomplete* because it does not specify which money laundering statute, if any, the agency considered. We may not review an ambiguous, unclear, and incomplete final order. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("Although we can affirm the judgment of a district court on any ground supported by the record, we cannot affirm the decision

4

of an agency on a ground that the agency did not invoke in making its decision[.]" (citation omitted)).

In granting Concepcion's petition, we vacate the TSA's final order pursuant to 49 U.S.C. § 46110(c). We do not, however, set aside the TSA's January 10, 2013, initial decision prohibiting aircraft operators from assigning Petitioner to flightcrew duties under 49 C.F.R. § 1544.230(i)(2). We remand for the TSA to respond to Petitioner's January 28, 2013 administrative appeal. On remand, the TSA must clearly specify whether it is (1) applying the categorical approach pursuant to § 44936(b)(1)(B)(xiv)(V), and, if so, the TSA must explain exactly how it analyzes the crime of conviction under that approach; or (2) considering the underlying facts pursuant to some other statutory provision, and, if so, the TSA must explain why it has authority to do so and how it analyzes those facts.[1]

**Petition GRANTED; VACATED and REMANDED.** Each party shall bear its own costs on appeal.

**IT IS SO ORDERED.**

---

[1] In light of this remand, we need not decide the other issues raised in this petition, including whether the TSA violated Petitioner's due process rights.